## SCHOENBERG etc v PLATT

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9829. Decided May 6, 1929

Rocker & Schwartz, Cleveland, for Schoenburg.
John A Alburn, Cleveland, for Platt.

SULLIVAN, J.

The deciding element in this case, in our judgment, is whether, in law, the court had any right to take into consideration as against the plaintiff in error the alleged counterclaim, because the allegations of the pleading must conform in character to **11317 GC.**

The defendant in error was a magazine publisher and prior to September 13th, 1927, the plaintiff was the principal stockholder and president of the corporation which owned the assets of a monthly published magazine known as "Town and Country Club News." The sale of this magazine as appears by the record, was the subject of a meeting. but subsequently thereto a price was agreed upon at $16,000.00, provided the defendant would buy it immediately. The parties having arrived at a mutual agreement in relation to this sale, proceeded to the office of counsel where a down payment of $2500.00 was made.

It appears from the record that, in order to convey the title to the property consisting of the stock, the assets and the magazine, it became necessary to proceed upon the theory based upon conceded facts in the record that the property known as "Town and Country Club News", and of which the plaintiff owned fifty-one percent, was a corporation, even though the details of which as to organization had not finally been consummated. The record shows, however, that in order to make the conveyance a resort was had to the minutes of the corporation, and all necessary resolutions of ratification and consummation were duly passed at the request and upon the instance of the counsel for the defendant.

There appears to be no evidence in the record for any other view, and especially such a view as would lend color to the claim that the dealing was with David Schoenburg, doing business as Schoenburg Printing Company, because from the record it is conclusive that Schoenburg could only act in the disposal of the corporation just named as President, Director, and controlling stockholder in conjunction with the proper and necessary motions, resolutions and minutes necessary to be requisitioned in order to consummate the deal.

Therefore, we have come to the unanimous conclusion that the dealings between the parties in relation to the sale of the property which is the subject matter of the alleged counterclaim, were by and with a corporation.

It follows, therefore, that the statute itself fixing the character of a counterclaim settles the entire question, because, under this view of the case, the cause of action existing in favor of the defendant and against the plaintiff does not arise out of a contract or transaction set forth in the petition, nor does there appear to be any foundation for the defendant's claim by reason of what is above noted, and neither does it appear that there is any

**348**

connection with the subject of the action, because there is no connection between the parties themselves as individuals in the transaction known as the sale of the property owned by "The Country Club News Company".

Holding these views, the judgment of the lower court is reversed, and final judgment is rendered for the plaintiff in error in the sum of $854.00, and the cross-petition is, therefore, dismissed.

Vickery, PJ, and Levine, J, concur.